UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:**
**07-22914-CIV-MORENO**

MIGUEL ANGEL ARBESU,

    Plaintiff,

vs.

PETER KEISLER, ATTORNEY GENERAL OF
THE UNITED STATES, *et al.*,

    Defendants.
_____/

CLOSED CIVIL CASE

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 6)**, filed on **March 5, 2008**.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED**.

### I.  BACKGROUND

Plaintiff is a native of Cuba and lawful permanent resident of the United States. On March 30, 2006, he applied for naturalization. The United States Citizenship and Immigration Service ("CIS") has not adjudicated his application and has not interviewed Plaintiff. Plaintiff sues claiming unreasonable delays in the processing of his application, relying upon the Administrative Procedure Act, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361.

### II.  STANDARD

On a motion to dismiss, the Court must view the complaint in the light most favorable to the

plaintiff. Glover v. Ligett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face;" if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

### III. ANALYSIS

Because Plaintiff has not been interviewed, the 120-day "examination" rule set forth in 8 U.S.C. § 1447(b) does not apply in this case. Therefore, Plaintiff relies on the Administrative Procedures Act, 5 U.S.C. § 706(1) and the Mandamus Act, 28 U.S.C. § 1361, to provide this Court federal subject matter jurisdiction. Neither offers a sufficient basis for the Court to exercise jurisdiction in this case, and the Court follows the same reasoning it set forth in its Order Dismissing Case (D.E. No. 6) in Dorta v. Gonzalez, 07-21685-CIV-MORENO.

Section 706(1) of the APA permits this court to "compel agency action unlawfully withheld or unreasonably delayed." The Supreme Court has held that a district court has jurisdiction under Section 706(1) where an agency failed to take a discrete action that it was required to take. Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004). Specifically, Section 706(1) empowers this Court to compel an agency to perform a ministerial or non-discretionary act. *Id.* at 63-64. Congress empowered the Attorney General to grant or deny adjustment of status applications "in his discretion and under such regulations as he may prescribe." 8 U.S.C. § 1255(a). The naturalization process is discretionary. Section 706(1) therefore does not confer jurisdiction to this Court to interfere with the

pace of CIS's adjudication of Plaintiff's naturalization application.  See also Badier v. Gonzalez, 475 F. Supp. 2d 1294,1297-1298 (N.D. Ga. 2006).

Plaintiff also asserts that the Mandamus Act, 28 U.S.C. § 1361, provides jurisdiction.  Section 1361 grants jurisdiction to district courts "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is a basis for jurisdiction when the plaintiff has a clear right to the relief requested, the defendant has a clear duty to act, and no other adequate remedy is available.  Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003).  District courts have disagreed about whether the Mandamus Act confers jurisdiction upon the district courts in naturalization proceedings.  See Badier v. Gonzalez, 475 F. Supp. 2d 1294, 1298-1299 (N.D. Ga. 2006).  Applying Badier to this case, the Court finds that Plaintiff cannot show the first two elements of the Barnhart test.  Plaintiff does not have a clear right to the relief requested because naturalization is a privilege.  See 8 U.S.C. § 1255.  CIS does not have a clear duty to act because the Immigration and Nationality Act does not set a timetable for adjudicating naturalization applications.  The Mandamus Act therefore does not provide this Court jurisdiction.

### III.  CONCLUSION

Plaintiff cannot show grounds for an entitlement to relief in this case, even viewing the claims in the light most favorable to him.  The Court does not have subject matter jurisdiction in this case. Therefore, it is

**ORDERED** that:

1. Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED**;

    2.    This case is **CLOSED**; and

    3.    All pending motions are **DENIED** as moot.


DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of April, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record